UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA D'AGOSTINO, | : |
| plaintiff, | : |
| v. | : CASE NO. 3:19-cv-00610(RAR) |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | : |
| defendant. | : |

**RULING ON PENDING MOTIONS**

Linda D'Agostino ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g).  The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated March 1, 2019.  Plaintiff timely appealed to this Court.  Currently pending are plaintiff's motion for an order reversing or remanding her case for a hearing (Dkt. #17-2) and defendant's motion to affirm the decision of the Commissioner.  (Dkt. #21-1.)

For the reasons that follow, the plaintiff's motion to reverse, or in the alternative, remand is GRANTED and the Commissioner's motion to affirm is DENIED.

---

[1] Andrew Saul is the new Commissioner of Social Security and has been added as a party to this action automatically.

## **STANDARD**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ."  42 U.S.C. § 405(g).  Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence.  Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position.  Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit Court of Appeals has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to an individual who has a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the

In order to be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits under Title II on July 24, 2014. (R. 495.)[4] Plaintiff alleged a disability onset date of January 1, 2007. (R. 318.) At the time of application, plaintiff alleged that she suffered from post-traumatic stress disorder ("PTSD"), major depression, multiple joint arthritis, degenerative disc disease, and cervical spine impairment. (R. 318–19.) The initial

---

Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.

[4] The Court cites pages within the administrative record as "R. ___."

4

application was denied on September 23, 2014, and again upon reconsideration on January 18, 2015. (R. 307-16, 362-365). Plaintiff then filed for an administrative hearing which was held by ALJ Ronald J. Thomas (hereinafter the "ALJ") on July 18, 2016. (R. 282-306.) The ALJ issued an unfavorable decision on November 28, 2016. (R. 330-347.) Plaintiff filed a request for review with the Appeals Council on December 7, 2016. (R. 418.) The Decision Review Board granted plaintiff's request for review and vacated the hearing decision on December 29, 2017. (R. 354-358.)

A new hearing was held before the ALJ on August 3, 2018. (R. 249-281.) The ALJ issued a second unfavorable decision on September 26, 2018. (R. 8-24.) Plaintiff filed a request for review with the Appeals Council on November 20, 2018. (R. 493-494.) The Decision Review Board denied plaintiff's request for review on March 1, 2019. (R. 1-4.) Plaintiff then filed this action seeking judicial review. (Dkt. #17-2.)

## DISCUSSION

Plaintiff argues that the ALJ failed to develop the record and improperly examined plaintiff's symptoms of pain; the ALJ's step five findings are unsupported by substantial evidence; and the ALJ's evaluation of the record was flawed. (Pl. Br. 1, 8, 19, 20.) Based on the following, the Court finds that the ALJ failed to develop the record. The Court therefore remands the

ALJ's decision without considering plaintiff's remaining arguments.

## I. The ALJ Failed to Develop the Record

Plaintiff argues that the ALJ failed to develop the record by not requesting medical source statements from plaintiff's treating physicians, Dr. Levy and Dr. Marino. (Pl. Br. 1-2.) Plaintiff argues that the ALJ had a duty to develop the record as no treating physicians opined on plaintiff's physical limitations. (Pl. Br. 6.) The Court agrees.

An ALJ has an affirmative duty to develop the record "in light of 'the essentially non-adversarial nature of a benefits proceeding.'" Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (quoting Echevarria v. Secretary of HHS, 685 F.2d 751, 755 (2d Cir. 1982)); see also Swiantek v. Commissioner, 588 F. App'x 82, 83-84 (2d Cir. 2015). "When an unsuccessful claimant files a civil action on the ground of inadequate development of the record, the issue is whether the missing evidence is significant." Santiago v. Astrue, No. 3:10-cv-937(CFD), 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing Pratts v. Chater, 94 F.3d 34, 37–38 (2d Cir. 1996)).

A court must remand "where 'the medical records obtained by the ALJ do not shed any light on the [claimant's RFC], and [where] the consulting doctors did not personally evaluate' the claimant." Martinez v. Berryhill, No. 3:17-cv-843 (SRU), 2019

6

WL 1199393, at *11 (D. Conn. Mar. 14, 2019) (quoting Guillen v. Berryhill, 697 F. App'x 107, 108-09 (2d Cir. 2017) (summary order)).  "The record is insufficient when '[t]he medical records discuss [the claimant's] illnesses and suggest treatment for them, but offer no insight into how [the] impairments affect or do not affect [the claimant's] ability to work, or [his] ability to undertake the activities of daily life.'"  Martinez, 2019 WL 1199393, at *11 (alterations in original) (quoting Guillen, 697 F. App'x at 109).

The ALJ is not required to obtain an opinion from the plaintiff's treating source where the ALJ's opinion is consistent with a consultative examiner and "the ALJ also [has] all of the treatment notes from" the plaintiff's treating physician.  Pellam v. Astrue, 508 Fed. Appx. 87, 89-90 (2d Cir. 2013).

Plaintiff argues that an obvious gap in the record existed because none of plaintiff's medical records examine her physical limitations.  (Pl. Br. 6.)  Further, plaintiff argues that the record was incomplete because Dr. Marino's treatment notes were largely illegible, such that the ALJ could not make a determination as to her physical limitations without a medical source statement from Dr. Marino.  (Pl. Br. 7.)

In Guillen, the Second Circuit found that the ALJ failed to develop the record because "the medical records obtained by the

7

ALJ do not shed any light on Guillen's residual functional capacity, and the consulting doctors did not personally evaluate Guillen." Guillen v. Berryhill, 697 Fed. Appx. 107, 108-109 (2d Cir. 2017). The Court noted that "[t]he medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life." Id. at 109.

Like Guillen, the record here contains no opinions from any of plaintiff's treating physicians regarding her physical limitations and the consulting doctors did not personally evaluate plaintiff. (R. 21-22.) Further, the medical records discuss plaintiff's illnesses and suggest treatment for them but offer no insight into how plaintiff's impairments affect or do not affect her ability to work or undertake the activities of daily life.

The Commissioner responds by arguing that the record was fully developed because it was 2,135 pages long. (Def. Br. 3.) Although the Commissioner cites and relies upon cases in which courts have characterized the record as voluminous, it is worth noting that a record may be voluminous but still lack important information. See Johnson v. Astrue, 811 F. Supp. 2d 618, 629-31 (E.D.N.Y. 2011) (remanding and directing the ALJ to develop the record by obtaining RFC assessments from claimant's treating

8

sources, even though the record contained over one-hundred pages of well-documented medical evidence covering over a three-year period). The Commissioner does not present any medical records that demonstrate plaintiff's physical limitations.

The Commissioner relies on Crespo v. Comm'r of Soc. Sec. as support that a voluminous record is fully developed *per se* despite a lack of opinion evidence from plaintiff's treating physicians. (Def. Br. 4.) However, the court in Crespo highlighted that the voluminous record was fully developed because it contained "400 pages of medical records, including treating APRN and physician's notes; a consultative examiner's report; non-consultative examinations from the state agency; and Crespo's testimony." Crespo v. Comm'r of Soc. Sec., No. 3:18-CV-00435 (JAM), 2019 WL 4686763, at *4 (D. Conn. Sept. 25, 2019). The court highlighted the significance of the record containing both a consultative examiner's opinion and supporting treatment notes in determining whether the ALJ was obligated to further develop the record. Id. (citing Pellam v. Astrue, 508 F. App'x 87, 90 (2d Cir. 2013)).

Unlike Crespo, the record here was not supported by either a consultative examiner's opinion or the treating physician's notes. The ALJ only cited raw medical data and failed to incorporate evidence demonstrating that plaintiff's allegations of pain and asserted limitations were inconsistent with the

9

record.  (R. 19-21.)  The ALJ noted that plaintiff strained her back pulling a 25-pound turkey from the oven but asserts that plaintiff is capable of performing medium work, which includes frequently lifting of up to 25-pounds.  (R. 16, 18, 676-77); 20 C.F.R. § 404.1567(c).  The ALJ may have noted the one piece of medical evidence that reflects on plaintiff's ability to work and undertake activities of daily living, however, the ALJ rejected the treating physician's finding in favor of his own interpretation of the raw medical data.  The ALJ merely relied on plaintiff's x-rays, MRIs, and proscribed treatment to establish plaintiff's RFC.  Such an analysis is improper.  Primes v. Colvin, No. 6:15-cv-06431(MAT), 2016 U.S. Dist. LEXIS 14287, at *10-11 (W.D.N.Y. Feb. 5, 2016)(the ALJ may not play doctor and fill in gaps in the record with his lay opinion).

    The medical records merely discuss plaintiff's illnesses and suggest treatment for those illnesses.  However, the records offer no insight into how plaintiff's impairments affect or do not affect her ability to work or undertake the activities of daily life.  Therefore, the record required a medical opinion from plaintiff's treating physicians or an examining consulting physician.  As the ALJ did not request such an opinion, the ALJ failed to develop the record.  The Court must therefore remand.

## II. The Court Will Not Consider Plaintiff's Remaining Arguments

In light of the Court's findings above, it need not reach the merits of plaintiff's remaining arguments. Therefore, this matter is remanded to the Commissioner for further administrative proceedings consistent with this Ruling. On remand, the Commissioner will address the other claims of error not discussed herein.[5]

### CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #17-2) is GRANTED and the Commissioner's motion to affirm that decision (Dkt. #21-1) is DENIED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 23rd day of July 2020, at Hartford, Connecticut.

---

[5] The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand. Rather the Court finds remand is appropriate to permit the ALJ to obtain an opinion from plaintiff's treating physician concerning her physical residual functional capacity.

11

```
             /s/
Robert A. Richardson
United States Magistrate Judge
```

12